UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-22838-CIV-BLOOM/VALLE

**BLACK KNIGHT PROTECTION, INC.**,

      Plaintiff,

v.

**LANDMARK AMERICAN INSURANCE COMPANY**,

      Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

THIS CAUSE came before the Court on Defendant's Motion to Dismiss [ECF No. 37].[1] Black Knight Protection, Inc. ("Black Knight"), a provider of security and surveillance, originally filed this action on July 9, 2013, in the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County, Florida, for breach of an insurance contract under Florida law.[2] *See generally* Compl. [ECF No. 1-1]. On August 5, 2013, Landmark American Insurance Company ("Landmark American"), filed a motion to dismiss the complaint in state court, [ECF No. 1-2 at 53-59], and filed a notice of removal in this Court on August 8, 2013. [ECF No. 1]. The Court has carefully reviewed the record, the parties' briefs, and the applicable law.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining

---

[1] It should be noted that due to the Clerk's error, the motion was not docketed until July 18, 2014.

[2] Black Knight's Complaint also brought a claim for breach of fiduciary duty and implied duty of good faith and fair dealing, which was later abandoned.

that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). While the Court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.") (internal quotation marks omitted).

In this case, Black Knight alleges that Landmark American has breached the relevant insurance contract by failing to comply with its duty to defend Black Knight in an underlying lawsuit filed by a victim of sexual assault who was attacked in her residential community. Compl. [ECF No. 1-2 at 1-4]. In that case, the complainant alleges that Black Knight is liable for its negligent security services which resulted in damages as a result of the kidnapping, assault, battery, rape, and robbery of the complainant. [ECF No. 1-4 at 16-20].

The fact that liability and damages have not been determined in the underlying lawsuit is not determinative in this case. In order to determine whether Black Knight has stated a claim of

breach of an insurance contract, the Court must examine the underlying complaint against Black Knight—the insured—in order to decide whether Landmark American—the insurer— has a duty to defend Black Knight in the underlying lawsuit.  *See Hartford Acc. & Indem. Co. v. Beaver*, 466 F.3d 1289, 1292 (11th Cir. 2006).  This is because "[t]he duty to defend is of greater breadth than the insurer's duty to indemnify, and the insurer must defend even if the allegations in the complaint are factually incorrect or meritless."  *Id.* (quoting *Jones v. Fla. Ins. Guar. Ass'n*, 908 So. 2d 435, 443 (Fla. 2005)).  In assessing the underlying complaint, "[t]he central inquiry in a duty to defend case is whether the complaint 'alleges facts that fairly and potentially bring the suit within policy coverage.'"  *Id.*

Under Florida law, an insurance contract's plain meaning controls, but "ambiguous provisions in an insurance policy should be interpreted in favor of coverage for the insured." *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1304 (11th Cir. 2008) (citing *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005)).  A provision is ambiguous if "the language is susceptible to more than one reasonable interpretation, one providing coverage and the other limiting coverage." *Travelers Indem. v. PCR, Inc.*, 889 So. 2d 785 (Fla. 2004) (internal quotations and citations omitted).

In the underlying lawsuit against Black Knight, the complainant alleged:

> BLACK KNIGHT PROTECTION, INC., was obligated by agreement and/or otherwise undertook the duty to exercise reasonable care to the public in general, and to the Plaintiff in particular to provide appropriate security . . . to protect its residents and invitees while on the property.  That duty included, but was not limited to, the duty to conduct appropriate surveys on criminal incidents that had occurred prior to this time, or other inappropriate conduct including not only sexual battery, but also mugging, theft, vandalism, assault, battery, robbery, or other criminal acts occurring on the subject premises, the subject parking lots, and the surrounding areas.  The duty also included the duty to either provide and hire appropriate security personnel and equipment, or provide reasonable training and supervision of such security personnel, or any of its employees which were

> assigned to such security patrols, including security personnel either on foot, or in vehicles patrolling the condominium complex and parking lots.

[ECF No. 1-4 at 16-17]. The complainant further alleged specific ways in which Black Knight breached this duty. *See id.* at 17-18 (including "negligently failing to have appropriate security on the premises" and "negligently failing to obtain regular updates of criminal activity in the surrounding areas").

Landmark American contends that the lawsuit against Black Knight falls under the assault and battery coverage exclusion of the insurance contract. *See* [ECF No. 1-2 at 41]. In pertinent part, this exclusion provides that coverage does not extend to:

> claims or "suits" to recover damages for "bodily injury" . . . arising from actual or alleged "assault" and/or "battery" . . . We are under no duty to defend or indemnify an insured regardless of the degree of culpability or intent without regard to . . . [t]he alleged failure or fault of the insured . . . to attempt to prevent, bar or halt any such conduct.

*Id.* Yet, the insurance contract contains more. Black Knight brings the Court's attention to the contract's coverage extension for "detective or investigative agency professional services." [ECF No. 1-2 at 47]. This provision provides that coverage extends to "damages because of 'bodily injury' or 'property damage' arising out of the rendering or failure to render detective or investigative services," and goes on to provide a specific definition of "occurrence" that applies to this section. *Id.* The provision, nor does the contract, however, provide a definition of "detective or investigative services."

Though Florida courts have made clear that "the lack of a definition of an operative term does not necessarily render the term ambiguous," *State Farm Fire & Casualty Company v. CTC Development Corporation*, 720 So. 2d 1072, 1076 (Fla. 1998), Landmark American has made no showing to this Court, in support of its motion to dismiss, that applying the "detective or investigative agency professional services" provision instead of the "assault and battery"

4

exclusion to the allegations contained in the underlying complaint would "add meaning that is not present, or otherwise reach results contrary to the intentions of the parties." *State Farm Mut. Auto Ins. Co. v. Pridgen*, 498 So. 2d 1245, 1248 (Fla. 1986). *See also CTC Development Corp.*, 720 So. 2d at 1075 ("when construing an insurance policy to determine coverage the pertinent provisions should be read *in pari materia*"). Landmark American merely provides a blanket statement that the underlying lawsuit "does not allege any claims as a result of Black Night's rendering or failure render detective investigative services." [ECF No. 21 at 7]. *See CTC Development Corp.*, 720 So. 2d at 1076 ("when an insurer fails to define a term in a policy, the insurer cannot take the position that there should be a narrow, restrictive interpretation of the coverage provided") (internal quotations and citations omitted).

Considering the pleadings under the standards of Rules 8(a) and 12(b)(6) together with the legal arguments presented to the Court, the motion to dismiss is hereby denied.

Being fully advised, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss [**ECF. No. 37**], filed 08/08/2013, is hereby **DENIED.**

2. Defendant shall answer the complaint **within 10 days** from the date of this Order.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, this 22nd of July, 2014.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record